# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_SAGChambers@mdd.uscourts.gov
(410) 962-7780

August 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *David J. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-02525-SAG

Dear Counsel:

On August 1, 2025, Plaintiff David J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 9, 11, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on April 18, 2022, alleging a disability onset date of March 15, 2022. Tr. 77. Plaintiff's claim was denied initially on May 8, 2023, and on reconsideration on September 23, 2024. Tr. 76, 83. On April 4, 2025, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-75. Following the hearing, on May 5, 2025, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq, during the relevant time frame. Tr. 7-30. A request for review by the Appeals Council was denied on June 9, 2025, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Subsequently, Plaintiff filed an action for judicial review on August 1, 2025. ECF No. 1.

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not,

could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity (SGA) during the period from his alleged onset date of March 15, 2022, through his date last insured of March 31, 2025." Tr. 12. At step two, the ALJ found that Plaintiff suffered from the severe impairments of depression; generalized anxiety disorder; post-traumatic stress disorder (PTSD); personality disorder; degenerative disc disease of the lumbar spine; left shoulder tear, status-post repair; obstructive sleep apnea (OSA); and migraine. Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 13. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except cannot climb ladders, ropes, or scaffolds; can occasionally perform all other postural activities; can frequently reach bilaterally, including overhead reaching; is limited to concentrated exposure to atmospheric conditions; must avoid all exposure to working in high, exposed placed, or to working in proximity to moving, mechanical parts; can understand, remember, and carry out simple instructions; can use judgment to make simple work related decisions; and is limited to only occasional interaction with coworkers, supervisors and the public.

Tr. 16. At steps four and five, the ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as price marker, mail clerk, and small parts assembler. Tr. 24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for three reasons. First, Plaintiff contends that although the ALJ found consultative examiner Dr. Mark Stillman's ("Dr. Stillman") opinion persuasive, the ALJ failed either to incorporate or explain the omission of Dr. Stillman's findings that Plaintiff's work pace would likely be significantly decreased and that he might decompensate under highly stressful conditions. ECF No. 9 at 12-15. Second, Plaintiff argues that the ALJ failed to build a logical bridge between his step three finding that Plaintiff had a moderate limitation in adapting or managing himself and an RFC that merely limited Plaintiff to simple instructions and decisions and occasional interaction with others. *Id.* at 15-17. Finally, Plaintiff asserts that the ALJ failed to perform the function-by-function assessment of his physical ability to stand, walk, and lift before concluding that he could perform light work, particularly because the state-agency physicians found the evidence insufficient to assess his physical RFC and no other medical opinion supplied the missing functional assessment. *Id.* at 17-21.

The Commissioner responds that substantial evidence supports both the mental and physical RFC determinations. Regarding Dr. Stillman, the Commissioner argues that an ALJ does not need to adopt every component of an opinion merely because the opinion is generally persuasive, and that the ALJ adequately evaluated the opinion against Dr. Stillman's examination findings and the longitudinal record. ECF No. 11 at 6-8. The Commissioner further contends that the ALJ adequately accounted for Plaintiff's mental limitations by considering his reported difficulties with stress and changes in routine, largely intact mental-status examinations, daily activities, and documented social difficulties, and by restricting him to simple instructions and decisions and occasional interaction with others. *Id.* at 8-12. Finally, the Commissioner argues that Plaintiff's physical RFC challenge effectively asks the Court to reweigh the evidence because the ALJ considered the relevant evidence bearing on Plaintiff's ability to stand, walk, and lift, and an explicit function-by-function discussion is not invariably required. *Id.* at 12-15.

In reply, Plaintiff maintains that the Commissioner cannot cure the ALJ's failure to explain the assessment of Dr. Stillman's opinion. ECF No. 15 at 2-4. Plaintiff also argues that Fourth Circuit precedent supports remand because the ALJ never explained how the RFC accommodated his moderate limitation in adapting or managing himself, and reiterates that the absence of any medical assessment of his physical functional capacities distinguishes cases in which an ALJ's failure to conduct an explicit function-by-function analysis was harmless. *Id.* at 4-7.

This opinion focusses on Plaintiff's first argument, that the ALJ failed either to incorporate or explain the omission of Dr. Stillman's findings that Plaintiff's work pace would likely be significantly decreased and that he might decompensate under highly stressful conditions, notwithstanding the ALJ's finding that Dr. Stillman's opinion was persuasive.

"Calculating a claimant's RFC is the Commissioner's responsibility and prerogative, so long as it accurately reflects the record evidence." *Turner v. Comm'r of Soc. Sec.*, No. 23-1760, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024) (citing 20 C.F.R. §§ 404.1546(c)). "Moreover, ALJs are not required to accept all components of a witness' discussion about a claimant's

limitations just because the ALJ finds them to be generally persuasive." *Id.* (citing *Thomas*, 916 F.3d at 312 (reiterating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision") (citation omitted)). Indeed, an ALJ is not required to adopt all limitations suggested by a medical source, even though the ALJ found that medical source's opinions persuasive. *See Turner*, 2024 WL 2764722 at *5; *Hall v. Comm'r of Soc. Sec.*, No. 1:23-CV-1496 (RDA/WEF), 2025 WL 457820, at *4 (E.D. Va. Feb. 11, 2025) (holding that an ALJ may find a medical opinion persuasive yet reasonably decline to adopt every limitation where the record evidence supports a less restrictive RFC); *Boulden v. O'Malley*, No. 24-1414, 2025 WL 48337, at *5 (4th Cir. Jan. 8, 2025) (explaining that an ALJ is not required to incorporate each limitation from a medical opinion into the RFC so long as the ALJ explains why certain limitations are unsupported by the record). *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.")

In the instant case, the ALJ stated the following regarding Dr. Stillman's medical opinion:

> Dr. Stillman included a medical source statement along with his evaluation of the claimant. Dr. Stillman opined the claimant was capable of understanding and carrying out simple instructions, but would likely experience trouble remembering and carrying out complex instructions secondary to his depression related concentration problems. Due to depression and fatigue, Dr. Stillman further suggested the claimant's work pace would be "significantly decreased," and his ability to get along with others may be hampered due to his anxiety (Exhibit 4F). The undersigned finds the opinion persuasive. While it is not entirely supported by Dr. Stillman's own examination notes from the claimant, which showed him to have intact concentration, and only minimal limitation to memory, it is consistent with the claimant's complaints and treatment notes regarding his occasional issues in getting along with others, and with professed concentration deficits (Exhibits 6F & 8F). For these reasons, his assessed limitations are persuasive, as they are supported by and consistent with the longitudinal evidence.

Tr. 22.

The Court agrees with Plaintiff that the ALJ erred in his approach to Dr. Stillman's opinion. Dr. Stillman opined that Plaintiff could understand and carry out simple instructions, but would likely have difficulty with complex instructions due to depression-related concentration problems. Tr. 22. Dr. Stillman also opined that, due to depression and fatigue, Plaintiff's work pace would be "significantly decreased" and that his ability to get along with others may be hampered by anxiety. *Id.* The ALJ expressly found this opinion "persuasive," explaining that, although Dr. Stillman's examination showed intact concentration and only minimal memory limitations, his opinion was consistent with Plaintiff's reported concentration deficits and difficulties interacting with others. *Id.* The ALJ ultimately concluded that Dr. Stillman's "assessed limitations are persuasive, as they are supported by and consistent with the longitudinal evidence." *Id.*

However, the RFC contains no apparent limitation addressing Dr. Stillman's assessment that Plaintiff's work pace would be "significantly decreased." Instead, the ALJ limited Plaintiff to simple instructions, simple work-related decisions, and occasional interaction with coworkers, supervisors, and the public. Tr. 16. The ALJ later explained that Plaintiff's largely intact mental examinations and ability to play games and complete crossword puzzles supported limiting him to "unskilled work, with only simple, work-related decisions required, in an environment with diminished social demands," which the ALJ deemed "more than adequate to attend to any mental constraints" arising from Plaintiff's depression, PTSD, and anxiety. Tr. 23. But this discussion does not explain why the ALJ omitted a pace-related limitation after expressly finding persuasive Dr. Stillman's opinion which included the assertion that Plaintiff's pace would be significantly decreased.

The Commissioner correctly states that an ALJ need not adopt every limitation contained in a medical opinion merely because the ALJ finds the opinion persuasive. ECF No. 11 at 6-8. However, when making an RFC finding that conflicts with an opinion from a medical source, SSR 96-8p requires an ALJ to explain why the medical source's opinion was not adopted. 1996 WL 374184, at *7. *See Timothy H. v. Kijakazi,* No. BAH-22-1746, 2023 U.S. Dist. LEXIS 121729, at *12-14 (D. Md. July 13, 2023) ("[A]n ALJ who assigns significant weight to an opinion without providing an explanation for any inconsistencies between the opinion and the remainder of the evidence must account for this discrepancy in the RFC evaluation.") (internal quotation omitted).

Here, it is unclear whether the ALJ rejected Dr. Stillman's pace limitation notwithstanding his characterization of the opinion as persuasive, believed that limiting Plaintiff to simple work adequately accounted for a significantly decreased work pace, or overlooked the limitation altogether. Indeed, at step three, the ALJ separately found that Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace and stated that the RFC's limitation to unskilled work was included to address Plaintiff's reported concentration difficulties. Tr. 15. Neither that explanation nor the subsequent RFC discussion addresses Dr. Stillman's distinct assessment regarding Plaintiff's ability to maintain an adequate work pace.

Accordingly, the Court cannot trace the ALJ's reasoning from his evaluation of Dr. Stillman's opinion to the RFC ultimately assessed. Because Dr. Stillman's omitted limitation concerns Plaintiff's ability to sustain the pace required for work activity, the Court cannot conclude that the ALJ's failure to explain its omission was harmless. Remand is therefore warranted for the ALJ to explain his consideration of this portion of Dr. Stillman's opinion and, if appropriate, incorporate corresponding limitations into the RFC.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

**V. <u>CONCLUSION</u>**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge